# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **WILLIAM STEWART,** | § § § § § § | **Civil Action No.:** |
| Plaintiff, | | |
| v. | | |
| **DIVERSIFIED CONSULTANTS, INC.** | § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendant. | | |

## COMPLAINT

WILLIAM STEWART ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Randolph, Texas 75475.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Blvd., Ste 309, Jacksonville, FL 32256.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone.

12. Plaintiff has had a cellular telephone number for over one (1) year.

13. Defendant was attempting to collect an alleged consumer debt from Plaintiff.

14. The alleged debt at issue arose out of transactions relating to a cellular phone debt that was incurred primarily for personal, family or household purposes.

15. Beginning in or around March 2017 and continuing through in or around June 2017, Defendant contacted Plaintiff by calling his cellular telephone phone in its attempts to collect the alleged debt.

16. Defendant has placed telephone calls to Plaintiff from numbers including, but not limited to: (214) 296-2720, (214) 440-1096, (972) 426-8371, and (214) 254-4425. The undersigned has confirmed that this telephone number belongs to Defendant.

17. The Defendant was calling Plaintiff regarding a $99 outstanding cellular telephone bill.

18. Desiring to stop the repeated telephone calls, Plaintiff spoke to Defendant in March 2017 and requested that Defendant stop calling his cellular telephone number.

19. Additionally, Plaintiff sent Defendant a letter requesting verification of the debt on April 3, 2017. Defendant confirmed receiving the letter on April 10, but failed to send Plaintiff verification of the debt.

20. Rather, Defendant continued to call Plaintiff's cellular telephone often multiple times per day to collect the alleged debt.

21. Once Defendant was aware its calls were unwanted, any further calls could only have been for the purpose of harassment.

22. Defendant failed to restrict its calls to Plaintiff's cellular telephone number and continued to call Plaintiff on a daily basis through June 2017.

23. The Defendant would call at inconvenient times, such as while Plaintiff was at work.

24. Finally, Defendant failed to send Plaintiff correspondence setting forth his rights pursuant to the FDCPA within five days of its initial contact with her.

## COUNT I
### DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

25. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with the intent to annoy, abuse or harass any person at the called number.

27. Defendant violated §§1692d and 1692d(5) when it continued to call Plaintiff multiple times per week despite Plaintiff's clear request to stop calling in or around December 2013.

## COUNT II
## **DEFENDANT VIOLATED §1692f OF THE FDCPA**

28. A debt collector violates §1692(f) of the FDCPA by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

29. Defendant's debt collection practices, taken as a whole, are unfair and unconscionable since it called Plaintiff an excessive number of times beginning in or around March 2017 and continuing through June 2017, continued to call Plaintiff even after Plaintiff requested that Defendant stop calling in or around March 2017, failed to send Plaintiff a written notice of his rights to dispute the alleged debt and engaged in other practices and behaviors which violated Plaintiff's rights as a consumer.

## COUNT III
## **DEFENDANT VIOLATED §1692g OF THE FDCPA**

30. A debt collector violates §1692g of the FDCPA by failing to send the consumer a written notice, within five days after the initial communication with the consumer, containing all of the following: the amount of the debt, the name of

the creditor to whom the debt is owed, a statement that unless the consumer disputes the debt within thirty days after receiving this written notice, the debt will be taken as valid by the debt collector, a statement that if the consumer does notify the debt collector that s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of any existing judgment, a statement that, upon the consumer's written request, the debt collector will provide the name and address of the original creditor.

31. Defendant failed to send Plaintiff the required written notice within five days after the initial communication was made in or around December 2013 in violation of §1692g of the FDCPA.

WHEREFORE, Plaintiff, WILLIAM STEWART, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

      d.      Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WILLIAM STEWART, demands a jury trial in this case.

                                   Respectfully submitted,

Dated: March 30 2018        By: /s/ Amy L. Bennecoff Ginsburg, Esq.
                                     Amy L. Bennecoff Ginsburg, Esq.
                                     Kimmel & Silverman, P.C.
                                     30 East Butler Pike
                                     Ambler, PA 19002
                                     Phone: (215) 540-8888
                                     Facsimile: (877) 788-2864
                                     Email: aginsburg@creditlaw.com