# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| WILLIAM STEWART, | |
| Plaintiff, | Civil Action No.: 4:18-cv-00218-ALM-KPJ |
| v. | |
| DIVERSIFIED CONSULTANTS, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## FIRST AMENDED COMPLAINT

WILLIAM STEWART ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Bonham, Texas 75418.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Blvd., Ste 309, Jacksonville, FL 32256.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone.

12. Plaintiff has had a cellular telephone number for over one (1) year.

13. Defendant was attempting to collect an alleged consumer debt from Plaintiff.

14. The alleged debt at issue arose out of transactions relating to a cellular phone debt that was incurred primarily for personal, family or household purposes.

15. Beginning in or around March 2017 and continuing through in or around June 2017, Defendant contacted Plaintiff by calling his cellular telephone phone in its attempts to collect the alleged debt.

16. Defendant has placed telephone calls to Plaintiff from numbers including, but not limited to: (214) 296-2720, (214) 440-1096, (972) 426-8371, and (214) 254-4425. The undersigned has confirmed that this telephone number belongs to Defendant.

17. The Defendant was calling Plaintiff regarding an outstanding cellular telephone bill valued at a little less than $100.

18. Plaintiff sent Defendant a letter requesting verification of the debt on April 3, 2017. Defendant confirmed receiving the letter on April 10, but failed to send Plaintiff verification of the debt.

19. In his April 3, 2017 correspondence, Plaintiff also advised Defendant that he did not owe the alleged debt.

20. Plaintiff also subsequently spoke to Defendant over the telephone and requested that Defendant stop calling his cellular telephone number.

21. Despite knowing Plaintiff disputed owing the alleged debt, Defendant continued to call Plaintiff's cellular telephone often multiple times per day to collect the alleged debt.

22. Once Defendant was aware its calls were unwanted, any further calls could only have been for the purpose of harassment.

23. Defendant failed to restrict its calls to Plaintiff's cellular telephone number and continued to call Plaintiff on a daily basis through June 2017.

24. Defendant would call at inconvenient times, such as while Plaintiff was at work.

.

25. Additionally, Defendant called Plaintiff's mother, his friend, and his former employer, also multiple times per day despite having been in contact with Plaintiff.

## COUNT I
### DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

26. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated §§1692d and 1692d(5) when it continued to call Plaintiff, his mother, his friend, and his former employermultiple times per week despite Plaintiff's clear request to stop calling in April 2017.

WHEREFORE, Plaintiff, WILLIAM STEWART, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

      d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WILLIAM STEWART, demands a jury trial in this case.

                              Respectfully submitted,

Dated: July 18, 2018        By: /s/ Amy L. Bennecoff Ginsburg, Esq.
                                      Amy L. Bennecoff Ginsburg, Esq.
                                      Kimmel & Silverman, P.C.
                                      30 East Butler Pike
                                      Ambler, PA 19002
                                      Phone: (215) 540-8888
                                      Facsimile: (877) 788-2864
                                      Email: aginsburg@creditlaw.com